42 F.3d 1391
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kathaleen A. Bassler HARSCH, Douglas M. Bihler, Thomas D.
Kuehl, et al., Plaintiffs-Appellees
v.
Alan D. EISENBERG, Individually and as Trustee and
Administrator of the Alan D. Eisenberg, S.C. Pension and
Profit Sharing Plan, and as President of the Alan D.
Eisenberg, S.C. Pension and Profit Sharing Plan, and Alan D.
Eisenberg, S.C., a Wisconsin corporation, Defendants-Appellants.
 No. 94-1488.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 4, 1994.
Decided Dec. 1, 1994.
 
 1
 Before CUDAHY, and FLAUM, Circuit Judges, and ROSZKOWSKI, District Judge*.
 
 ORDER
 
 2
 This is our second consideration of this case. When it was first before us we reversed the award of compensatory and punitive damages and remanded for further consideration of statutory penalties and attorney's fees. On remand, the district court granted both statutory penalties and attorney's fees to the plaintiffs. Eisenberg now appeals this ruling.
 
 
 3
 The district court awarded statutory penalties of $1 per document day, which reflected a significant reduction for poor behavior by both parties. The district court also determined that plaintiffs were the prevailing party in this case, and were thus entitled to attorney's fees. Finding the records too incomplete to follow the lodestar method recommended by this Court, the district court was forced to use a different method of determining which fees were related to valid ERISA claims and which to the compensatory and punitive damages claims ruled invalid by this Court.
 
 
 4
 To calculate the allowable fees, the district court took the total time for which fees and costs were submitted and divided it into five different time periods. The total amount requested for each time period was then divided by the number of claims being debated during that period, resulting in an estimate of the per claim cost. The costs for claims for which attorney's fees were not allowed (compensatory and punitive damages), were then subtracted from the total fees for that time period. This procedure was followed for every time period except for the six days of the trial. For that time, the district court decided that without the issues of compensatory and punitive damages there would have been an evidentiary hearing rather than a trial, and the hearing would have taken about 1/2 of the time the trial took. Thus the court reduced the total fees for that period to 1/12 of the total. Finally, once it had calculated a total amount for all fees and disbursements, the court further reduced the total amount by 35% for excessive billing and 15% for the rancorous nature of the proceedings, which it concluded undoubtedly prolonged the litigation.
 
 
 5
 While this method of calculating attorney's fees does not directly comply with this Court's recommendation, we find it to be a thorough and fair attempt to reach some sort of reasonable estimate of appropriate fees. For these reasons and those stated by the district court, we find no abuse of discretion and the ruling of the district court is
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable Stanley J. Roszkowski, of the United States District Court for the Northern District of Illinois, is sitting by designation